ROGERS, Circuit Judge.
Appellant Joey Carr pled guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In his plea agreement, Carr reserved the right to appeal the district court’s denial of his motion to suppress, and he does so here. We remand so that the district court may make factual and legal findings that more clearly distinguish between a consensual encounter and a Terry stop.
I.
In the evening of August 29, 2006, three officers with the Madison County Narcotics Unit—Lieutenant William Carneal, Investigator Marc Byrum, and Investigator David Coffman—approached a white Chevrolet Tahoe that was sitting in a car wash bay on Lane Avenue in Jackson, Tennessee. The officers parked their unmarked Ford Explorer facing the Tahoe, flashed the emergency lights on their vehicle, and then got out of their vehicle and advanced toward the Tahoe on foot. The officers eventually arrested the defendant—the Tahoe’s only occupant—and then performed a warrantless search of the Tahoe that revealed $11,000.00 in cash, two sets of digital scales, a box of plastic sandwich bags, five grams of marijuana, 215.9 grams of crack cocaine, a small bottle of hydrocodone, and a .45 caliber pistol containing a magazine loaded with six rounds. A search of the defendant also revealed that he was carrying $7,877.00 in cash on his person.
Following his indictment, the defendant filed a motion to suppress the evidence that was obtained from his arrest and the warrantless search of his vehicle. Before the district court, Lieutenant Carneal testified that the defendant’s vehicle attracted his attention and raised suspicions in his mind because: (1) it was parked in a car wash bay at night, and no one was washing it; (2) the car wash was located in a high-crime area; and (3) the car wash itself was known as a meeting place for drug dealers. Based on Lieutenant Carneal’s testimony, the district court concluded that the defendant’s Fourth Amendment rights had not been violated and denied Carr’s motion to suppress. Specifically, the district court *945 issued the following ruling at the end of the hearing:
I find that the officers had a right to approach the vehicle at the car wash. Perhaps they needed no reasonable suspicion or probable cause[J for an officer to approach as a citizen to ask a question is permissible without implication of the Fourth Amendment.
But in this case the officers had more. We had a vehicle apparently unoccupied in a car wash for several minutes, long enough for two passes, with nobody washing the car and no activity apparently going on around the car. The officers, it seems to me, had an obligation at that point to investigate to find out what the car was doing there. Was the driver hurt or injured? Was the car stolen? Was there a crime in progress? So the officers had an articulable suspicion, a reasonable suspicion to approach the vehicle in the first place.
Officer Carneal—I’m sorry, Officer Byrum asked the defendant to get out of the vehicle; and as the defendant was getting out, the court finds that the officers saw a bag full of what appeared to be marijuana, and at that point the officers had probable cause to arrest the defendant.
The subsequent search of the vehicle was a search incident to arrest or an inventory search of the vehicle before it was towed.
So what we have here is a citizen encounter with an officer which later became reasonable suspicion to ask the defendant to get out of the car, which then ripened into probable cause for an arrest. The search after that point was a search incident to arrest and an inventory search of the vehicle before it was towed away.
For those reasons, and because I credit the testimony of Officer Carneal and discredit the testimony of defendant Carr, the motion to suppress is denied. An order will be entered incorporating these oral rulings.
As a result of this ruling, the defendant entered a conditional guilty plea that reserved his right to challenge the district court’s denial of his motion to suppress. He does so now on appeal.
II.
A remand for clearer factual and legal findings is necessary to determine whether the officers in this case violated Carr’s Fourth Amendment rights. “Under the Fourth Amendment, there are three types of permissible encounters between the police and citizens: consensual encounters in which contact is initiated by a police officer without any articulable reason whatsoever and the citizen is briefly asked some questions; a temporary involuntary detention or Terry stop which must be predicated upon ‘reasonable suspicion;’ and arrests which must be based on probable cause.” United States v. Bueno, 21 F.3d 120, 123 (6th Cir.1994) (citing United States v. Ushery, 968 F.2d 575, 579 (6th Cir.1992); United States v. Flowers, 909 F.2d 145, 147 (6th Cir.1990)). In our recent decision in United States v. See, 574 F.3d 309 (6th Cir.2009), a case with some factual similarity to the present case, we concluded that police officers had initiated a Terry stop rather than a consensual encounter and held that the district court should have granted a motion to suppress. See id. at 311-15. In that case, a police officer noticed that a car occupied by the defendant See and two other men was parked in a dimly lit portion of a parking lot at 4:30 in the morning. Id. at 311. The parking lot itself was located in a high-crime area. Id. Because the police officer thought that these circumstances were suspicious, he approached and then parked his patrol car in front of See’s vehicle so as to prevent it from moving. Id. at 311-12. The result *946 ing encounter with the occupants of the parked vehicle revealed that See was in possession of a firearm from which the serial number had been removed. Id. at 312. See later moved to suppress the evidence obtained from his vehicle, but the district court denied that motion. Id. at 312-13. The district court held that there had been a Terry stop, but that the stop was supported by reasonable suspicion. Id. at 312. On appeal, this court reversed, agreeing that the police officer’s actions had constituted a Terry stop as opposed to a consensual encounter, but concluding that the Terry stop was unlawful because the totality of the circumstances did not provide the police officer with reasonable suspicion that criminal activity was occurring. Id. at 313-15. Specifically, the court held that being parked in a dimly lit portion of a parking lot late at night in a high-crime area did not raise sufficient reasonable suspicion to conduct a Terry stop. Id. at 313-14.
The law applied in See makes clear that there are two relevant questions in this case, both fact-dependent and neither decided with sufficient clarity by the district court. The first is whether the initial contact between the police and the defendant was a Terry stop or a consensual encounter. See suggests that this depends, at least in part, on whether the police car “block[ed] [the defendant’s car from exiting.” Id. at 312; see also id. at 315 (Gil-man, J., concurring) (suggesting that the police officer “should have simply parked his patrol car alongside See’s vehicle to carry out the investigation in a consensual manner”). The United States suggests that this factor may not be present here, and Lieutenant Carneal testified that he did not park his vehicle so as to prevent the defendant from driving away. Another factor that may have some bearing on whether there was a Terry stop is that the police may not have left their emergency lights on during the encounter, but instead may have used those lights only to identify themselves. The defendant testified that the police simply turned the emergency lights on and then off again, allowing them to flash just once, which is consistent with Lieutenant Carneal’s claim that he only activated the emergency lights in order to identify himself as a police officer rather than to detain Carr. The district court’s opinion is simply not clear as to whether there was a Terry stop or merely a consensual encounter in this case.
Moreover, even if there were a Terry stop, there is some question whether the stop was supported by reasonable suspicion. While the Terry stop in See was unlawful, there are factual disparities between this case and See that might permit the conclusion that a Terry stop was warranted in this case. For instance, the defendant in this case was parked at a location that was particularly known as a meeting place for drug dealers, and the defendant’s car was not being washed even though it was parked in the bay of a car wash. The defendant in See, by contrast, was not parked in a location known for any specific type of criminal activity: he was merely parked in a high-crime area late at night. In light of our remand with respect to the issue of consensual encounter, it makes sense that on remand the district court should also determine in the first instance, now with the benefit of our recent holding in See, whether the Terry stop, if there was one, was supported by reasonable suspicion. In this regard, the district court is more familiar with the relevant evidence, has had an opportunity to observe the witnesses and evaluate their credibility, and has the ability to take additional testimony to develop the record further if necessary.
III.
For these reasons, we VACATE the district court’s judgment and REMAND *947 this case for further proceedings consistent with this opinion.